UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHNNY JONES, | Case No. 2:20-cv-01326-APG-BNW |
| Plaintiff | ORDER |
| v. | |
| JERRY HOWELL, | |
| Defendant | |

**DISCUSSION**

On December 23, 2020, I issued a screening order dismissing plaintiff Johnny Jones's complaint and giving Jones leave to file an amended complaint within 30 days. ECF No. 7. Jones did not file an amended complaint but appealed my order to the Ninth Circuit Court of Appeals. ECF No. 9. The Ninth Circuit has dismissed Jones's appeal. ECF No. 14. I will again give Jones leave to file an amended complaint. If he fails to file an amended complaint **by May 15, 2021**, this action will be dismissed for failure to state a claim.

If Jones chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Jones's amended complaint must contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit. Moreover, he should file the amended complaint on this court's approved

prisoner civil rights form, and it must be entitled "First Amended Complaint."

**MOTIONS**

Jones has filed three motions requesting a preliminary injunction or temporary restraining order. ECF Nos. 1-2, 5, 6. Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

I previously dismissed Jones's complaint in its entirety because it failed to state any colorable claims. Jones has not yet filed an amended complaint. Thus, he has not established that he is likely to succeed on the merits of any pending claim. Accordingly, I deny Jones's motions for a preliminary injunction without prejudice.

**CONCLUSION**

I therefore ordered that if Jones chooses to file an amended complaint curing the deficiencies of his complaint as outlined in my previous screening order, he must file the amended complaint **by May 15, 2021**. If he fails to timely file an amended complaint curing the deficiencies, this action will be dismissed.

I further order that Jones's motions requesting a preliminary injunction or temporary restraining order **(ECF Nos. 1-2, 5, 6) are denied without prejudice.**

DATED THIS 14th day of April 2021.

_____
UNITED STATES DISTRICT JUDGE