# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHNNY JONES,

Plaintiff,

v.

JERRY HOWELL,

Defendant.

Case No. 2:20-cv-01326-APG-BNW

**ORDER**

This action began with an application to proceed *in forma pauperis* and a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by Johnny Jones, a state prisoner. ECF Nos. 1-1, 4. On December 23, 2020, I dismissed the complaint with leave to amend and directed Jones to file an amended complaint by February 1, 2021. ECF No. 7 at 8. Jones filed an appeal (ECF No. 9), and his appeal was dismissed (ECF No. 11). On April 14, 2021, I extended the deadline for Jones to file an amended complaint until May 15, 2021. ECF No. 15. Jones has not filed an amended complaint or otherwise responded to my order.

Jones's application to proceed *in forma pauperis* is granted. ECF No. 4. I find that Jones is not able to pay an initial installment payment toward the full filing fee under 28 U.S.C. § 1915. Jones will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th

Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action under these circumstances, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors (the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket) weigh in favor of dismissal. The third factor (risk of prejudice to the defendant) also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor (public policy favoring disposition of cases on their merits) is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. My order extending the deadline for Jones to file an amended complaint to

May 15, 2021, expressly stated: "If [Jones] fails to timely file an amended complaint curing the deficiencies, this action will be dismissed." ECF No. 15 at 2. Thus, Jones had adequate warning that dismissal would result from his noncompliance with my order.

I therefore order that Jones's application to proceed *in forma pauperis* (ECF No. 4) is granted. Jones shall not be required to pay an initial installment of the filing fee. Even though this action is dismissed, the full filing fee must be paid under 28 U.S.C. § 1915(b)(2).

I further order that, under 28 U.S.C. § 1915 as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of **Johnny Jones, # 82533** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

I further order that this action is dismissed without prejudice based on Jones's failure to file an amended complaint in compliance with my April 14, 2021, order.

I further order the Clerk of Court to enter judgment accordingly.

DATED THIS 24th day of June 2021.

_____
UNITED STATES DISTRICT JUDGE